IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE ROBERTS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 3:11-CV-943-WHA |
| ) | [WO] |
| OPELIKA CHIEF OF POLICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate incarcerated at the Lee County Detention Center when he filed this *pro se* 42 U.S.C. § 1983 action,[1] alleges that rights, privileges, or immunities afforded him under the Constitution or laws of the United States were abridged by Defendants in June 2011 when they subjected him to excessive force, an illegal search and seizure, false arrest, and inadequate medical care.[2] Named as defendants are Lee County, Alabama, the Lee County Sheriff's Department, Sheriff Jay Jones, Nurse Stewart, the City of Opelika, the Opelika Police Department, the Chief of Police of the Opelika Police Department, Officer Veasley, Officer B. Jones, Detective M. Paulson, Detective M. Rodgers, Detective K. Burdette, Detective B. Henderson, L. T. Clark and Detective Corporal B. Cargill. Plaintiff

---

[1] Since filing this action, Plaintiff has been released from custody.

[2] The instant action is proceeding on the amended complaint filed by Plaintiff on December 7, 2011. Doc. No. 5. By order entered November 28, 2011, the court directed Plaintiff to amend his complaint as further set forth therein. *See* Doc. No. 4. The November 28 order informed Plaintiff that the amended complaint filed in compliance with said order would supercede the original complaint. *Id*.

requests that the charges against him be dismissed and that he be awarded $500,000.000 and punitive damages. Doc. No. 1.

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service of process. In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984)

## I.  DISCUSSION

### A.  The Lee County Sheriff's Department and the Opelika Police Department

Neither the Lee County Sheriff's Department nor the Opelika Police Department are legal entities and, therefore, they are not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). Consequently, Plaintiff's claims against these defendants are due to be dismissed under 28 U.S.C. § 1915A(b)(i).

### B.     Lee County, Alabama and the City of Opelika

Section 1983 imposes liability on a municipality, such as Lee County and the City of Opelika, only if they deprive a plaintiff of rights protected by the Constitution or federal law pursuant to an official municipal policy. *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690-91 (1978). From a review of the allegations contained in the complaint, it appears that Plaintiff seeks to hold Defendants Lee County and the City of Opelika liable for the actions of the individual defendants named to this cause of action. Such allegation, however, fails to state a claim upon which relief can be granted against defendants Lee County and the City of Opelika inasmuch as "a municipality can be found liable under § 1983 only where the municipality *itself* causes the constitutional violation at issue. Respondeat superior or vicarious liability will not attach under § 1983." *Canton v. Harris*, 489 U.S. 378, 385 (1989) (emphasis in original).

To the extent Plaintiff claims that a policy of the defendant municipal entities drove the tasing incident and/or a coverup thereof, he is entitled to no relief under the facts alleged in the complaint. It is well-settled law that an entity can be held monetarily liable only through "'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers,'" or "'for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making body.'" *City of St. Louis v. Praprotnik,* 485 U.S. 112, 121 (1988) (quoting *Monell,* 436 U.S. at 690-91). Here, the complaint fails to identify any particular policy, custom, or procedure which caused the complained of injuries much

less allege that the governmental entities had some control or responsibility in relation thereto. Because a local governmental entity is liable under section 1983 only for acts for which they are actually responsible, *see Grech v. Clayton Cnty., Ga.,* 335 F.3d 1326, 1329 (11th Cir. 2003), and as a local governmental entity "cannot be held liable *solely* because it employs a tortfeasor," *Monell,* 436 U.S. at 691 (emphasis in original), the court concludes that Plaintiff's claims against Lee County and the City of Opelika are due to be dismissed for failing to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b)(i).

### C.  Defendants Sheriff J. Jones, Opelika Chief of Police, and Officers Veasley and B. Jones

Plaintiff names Sheriff J. Jones, the Chief of Police of the Opelika Police Department, and Officers Veasley and B. Jones as defendants. The complaint makes no specific allegations against these individuals nor does Plaintiff indicate that they were personally involved in the constitutional violations about which he complains. *See Potter v. Clark,* 497 F.2d 1206, 1207 (7th Cir. 1974) (*per curiam*) (court properly dismissed *pro se* complaint that was silent as to defendant except for his name appearing in caption).

To the extent Plaintiff names these individuals as defendants based on their supervisory positions, the law is settled that supervisory personnel cannot be liable under § 1983 for a constitutional violation of one of their subordinates via a theory of *respondeat superior* or on the basis of vicarious liability. *Monell,* 436 U.S. at 691-95 (1978) (doctrine of *respondeat superior* is inapplicable to § 1983 actions); *Belcher v. City of Foley*, 30 F.3d 1390, 1396 (11th Cir. 1994) (42 U.S.C. § 1983 does not allow a plaintiff to hold supervisory officials liable for the actions of their subordinates under either a theory of *respondeat*

*superior* or vicarious liability); *Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996) ("a prisoner may not attribute any of his constitutional claims to higher officials by the doctrine of *respondeat superior*; the official must actually have participated in the constitutional wrongdoing."). Rather, a supervisory official is liable only if he "personally participates in the alleged unconstitutional conduct or [if] there is a causal connection between [his] actions . . . and the alleged constitutional deprivation." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). The causal connection may be established by showing that (1) the supervisor had notice of a history of widespread abuse, which he neglected to correct; (2) the supervisor implemented a custom or policy that resulted in deliberate indifference to constitutional rights; or (3) the facts support an "inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id.* (quotations omitted).

Plaintiff states that he names "[a]ll detectives . . . because these are senior policemen who were privy to the tasing and other charges and no one spoke up about it but allowed [a] cover up. . . Also. . . it must be perceived as policy." Doc. No. 5 at 6. This allegation, however, still does not allege that Defendants J. Jones, the Opelika Police Chief, or Officers Veasley and B. Jones were actually involved in, or exercised control or direction over, the alleged constitutional deprivations in this case. Broadly construing Plaintiff's claim as seeking to hold Defendants J. Jones, the Opelika Chief of Police, and Officers Veasley and B. Jones liable in this action by alleging in summary fashion that they knew of the tasing incident and yet essentially conspired to cover up it up pursuant to "policy," not only does

Plaintiff fail to cite to any specific policy that contributed to incident, but also, his conclusory allegations of a conspiracy to cover it up are insufficient to state a viable § 1983 claim. *See Edwards v. Prime, Inc.,* 602 F.3d 1276, 1300 (11th Cir. 2010) ("The mere use of the words 'conspiracy' and 'aiding and abetting' without any more explanation of the grounds of the plaintiffs' entitlement to relief is insufficient."); *see also Fullman v. Graddick,* 739 F.2d 553, 556-57 (11th Cir. 1984) ("In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim.). Accordingly, the court finds that Plaintiff's complaint against Defendants J. Jones, the Opelika Chief of Police, and Officers Veasley and B. Jones as well as his conspiracy claim are due to be dismissed. 28 U.S.C. § 1915A(b)(i).

    **D.**    **The Mail Claim**

Plaintiff complains of instances of mail mishandling in August and September 2011 during his incarceration at the county jail. In its November 28, 2011 order directing Plaintiff to file an amended complaint, the court advised Plaintiff that it would be necessary for him to file a separate complaint for each claim he sought to present in this action unless the claims were related to the same incident or issue. Thus, for each different claim, Plaintiff was informed that he must file a separate complaint. *See* Doc. No. 4.

The court has reviewed Plaintiff's allegations regarding the opening of his legal mail during his incarceration at the county jail. Such claims occurred subsequent to the Fourth

and Fourteenth Amendment violations making the primary subject of this cause of action and are unrelated in time and type to those allegations. Accordingly, Plaintiff's claims concerning the mishandling of his legal mail in August and September 2011 are due to be dismissed without prejudice for their failure to comport with the directives contained in the court's November 28 order that each claim presented in this action be related to the same incident or issue. Plaintiff may file a separate civil action with respect to such claims if he so wishes.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's complaint against Defendants Lee County Sheriff's Department, the Opelika Police Department, Lee County, Alabama, the City of Opelika, J. Jones, the Opelika Chief of Police, and Officers Veasley and B. Jones, be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915A(b)(i);

2. Plaintiff's conspiracy claim against the named defendants be DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915A(b)(i);

3. Plaintiff's mail claim be DISMISSED without prejudice subject to Plaintiff's right to file a separate civil action with respect to said claim;

4. Defendants Lee County Sheriff's Department, the Opelika Police Department, Lee County, Alabama, the City of Opelika, J. Jones, the Opelika Chief of Police, and Officers Veasley and B. Jones be DISMISSED as parties to the complaint; and

5. This case, with respect to the remaining defendants, be referred back to the

undersigned for further proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation **on or before January 27, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc*., 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of January, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE